**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**JEROME BLEVINS**                                                                 **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 4:10CV-P26-M**

**DAVIESS COUNTY DETENTION CENTER MED. STAFF**                    **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Jerome Blevins, filed a *pro se*, *in forma pauperis* complaint pursuant to 42

U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth

below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Daviess County Detention Center (DCDC), sues the

DCDC Medical Staff.  He states that his rights to due process, equal protection, and under the

Eighth Amendment are being violated.  He states that "I would go on with the facts in this case

like times, dates, and names of witnesses but due to it being a fact that mail with [this Court's]

address has been compromised!!  So I feel that it will be to my best interest to keep my fact off

of this document."  He continues:  "But I feel strongly that my medical status going from minor

to major under the care of this facility and my mental stress and pain an suffering should be

brought before the United States Courts and fear of being threaten or moved in solitary

segregation because of my complaints or placed in another facility where my life would be put in

danger . . . ."  As relief, Plaintiff wants monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Some factual basis for a plaintiff's claims must be set forth in the pleadings. *Chapman v.

City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept

conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th

Cir. 2001). Because Plaintiff gives absolutely no information about his allegations, the Court

has no choice but to dismiss his complaint for failure to state a claim.

The Court notes that prison policies regarding outgoing legal mail receive heightened

scrutiny under which a prison's "inspection policy must 'further an important or substantial

government interest unrelated to the suppression of expression,' and must not limit First

Amendment freedoms 'greater than is necessary or essential to the protection of the particular

governmental interest involved.'" *Bell-Bey v. Williams*, 87 F.3d 832, 838 (6th Cir. 1996)

(quoting *Procunier v. Martinez*, 416 U.S. 396, 413 (1974)). However, the only Defendant

Plaintiff names is the DCDC Medical Staff. Because Plaintiff does not name a Defendant with

regard to allegations that his legal mail is compromised, the Court cannot allow a legal mail claim to go forward.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the complaint will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Daviess County Attorney
4414.009